IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JAVAROUS HALL,  # 261804,           )
                                    )
            Petitioner,             )
                                    )
    v.                              )       Civil Action No. 3:12cv105-TMH
                                    )               (WO)
LEEPOSEY DANIELS, *et al.*,         )
                                    )
            Respondents.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case before the court on a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by Alabama inmate Javarous Hall ("Hall") on January 31, 2012.[1]  In

this petition, Hall presents claims challenging the constitutionality of his 2008 convictions

in the Russell County Circuit Court on charges of first-degree rape, first-degree sodomy,

first-degree kidnapping, and first-degree robbery.

Pursuant to the orders of this court, the respondents filed an answer (Doc. No. 8) in

which they argue that Hall's petition is barred by the one-year limitation period applicable

to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d).[2]  On March 15, 2012 (Doc. No. 10),

this court ordered Hall to show cause why his petition should not be dismissed for his failure

---

[1] Although the petition was stamped as received in this court on February 3, 2012, Hall represents that he placed the petition in the prison mailing system on January 31, 2012.  *See* Doc. No. 1 at 15.  Applying the "mailbox rule," and no evidence to the contrary, this court deems the petition as filed on the date Hall says he placed it in the prison mailing system.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Act became effective on April 24, 1996.

to file within the applicable one-year limitation period.  However, Hall filed no response.

Upon review of the pleadings and evidentiary materials filed in this case and the applicable

law, the court concludes that no evidentiary hearing is required and that Hall's federal habeas

petition is due to be denied as untimely.

## DISCUSSION

Title 28 U.S.C. § 2244(d) states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Section 2244(d)(1)(A) directs that the limitation period for filing a

§ 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires. *See* 28 U.S.C, § 2244(d)(1)(A).

Hall was convicted of first-degree rape, first-degree sodomy, first-degree kidnapping, and first-degree robbery on September 22, 2008, following a jury trial in the Russell County Circuit Court. The trial court imposed sentence on October 22, 2008.[3] On August 14, 2009, on direct appeal, Hall's conviction was affirmed by the Alabama Court of Criminal Appeals. Ex. C. Hall did not file an application for rehearing and did not seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment in his case on September 2, 2009. Ex. D.

By operation of law, Hall's conviction became final on September 2, 2009, upon the Alabama Court of Criminal Appeals' issuance of the certificate of judgment. *See* Ala.R.App.P. 40(c). The one-year limitation period contained in § 2244(d) began to run when Hall's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, absent statutory or equitable tolling, the federal limitation period expired on September 2, 2010.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

---

[3] Hall was sentenced to 99 years of imprisonment on the rape conviction and to 99 years on the robbery conviction, with the sentence for the robbery conviction to run consecutively to the sentence for the rape conviction; he was sentenced to 99 years on the kidnapping conviction, with that sentence to run consecutively to the sentence for the rape conviction, but concurrently with the sentence for the robbery conviction; he was sentenced to life imprisonment on the sodomy conviction, with that sentence to run consecutively to the sentences for the other three convictions.

3

section." Because Hall's conviction became final in 2009, he was required to file his § 2254 petition within one year after his conviction became final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in state court.

On May 2, 2011, Hall filed in the trial court a motion styled as a motion pursuant to Ala.R.Civ.P. 60(b) challenging his convictions and sentence. Ex. E. The trial court denied that motion on May 27, 2011. Hall appealed that decision, and on October 28, 20011, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Ex. H. In its memorandum opinion affirming the trial court, the Alabama Court of Criminal Appeals construed Hall's self-styled "Rule 60(b) motion" as a petition filed under Ala.R.Crim.P. 32. *Id*. Hall did not file an application for rehearing or seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued a certificate of judgment in the case on November 17, 2011. Ex. I.

For purposes of § 2244(d)(2), the state-court proceedings on Hall's Rule 32 petition had no tolling effect on the running of the federal limitation period, because the federal limitation period expired on September 2, 2010 – before Hall initiated state post-conviction proceedings with the filing of his Rule 32 petition. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

4

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Hall.  There is no evidence that any unconstitutional or illegal State action impeded Hall from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  Hall also does not present a claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, Hall does not submit any grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

Under the circumstances set forth above, it is apparent that the one-year limitation period contained in § 2244(d) began to run in Hall's case on September 2, 2009, and ran unabated for one year before expiring on September 2, 2010.  As noted, Hall filed his § 2254 petition on January 31, 2012.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See also Rich v. Dep't of Corr. State of Fla.*, 317 Fed. App'x 881, 882 (11th Cir. 2008); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests

5

with the petitioner." *Drew*, 297 F.3d at 1286.  *See also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *Rich*, 317 Fed. App'x at 882; *Helton v. Sec'y for the Dept. of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001).  The United States Supreme Court recently confirmed that the AEDPA's one-year limitation period "is subject to equitable tolling," but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Fla.*, 560 U.S. 631, ___, 130 S.Ct. 2549, 2563 (2010).  *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As noted above in this Recommendation, Hall did not file a response to this court's order directing him to show cause why his petition should not be dismissed for his failure to file within the applicable one-year limitation period.  However, in his petition, Hall asserts, cursorily, that his failure to comply with the federal limitation period should be excused because he was "not provided with any of his court documents until the year 2011, therefore, equitable tolling must apply to all claims presented in federal court."  Doc. No. 1 at 13-14. In making this assertion, Hall does not describe any efforts on his part to obtain his court documents, and he fails entirely to suggest how these documents were necessary for him to submit a federal petition for habeas relief that complied with the statute of limitations.  In any event, delay in receiving court documents does not constitute extraordinary circumstances warranting equitable tolling.  Access to transcripts and other trial materials is not necessary to file a habeas petition. *See Lloyd v. Van Natta*, 296 F.3d 630, 633–34 (7th Cir. 2002)

(holding that petitioner's inability to obtain the trial transcript was not grounds for equitable tolling); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (holding that the court's delay in furnishing the petitioner with the trial transcript was insufficient to justify equitable tolling); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (holding that lack of access to a trial transcript does not preclude a prisoner from commencing post-conviction proceedings and therefore does not warrant equitable tolling).

There is nothing before this court that demonstrates the presence of "extraordinary circumstances" and the exercise of due diligence by Hall to warrant equitable tolling of the limitation period.  Consequently, the court concludes that Hall is not entitled to equitable tolling.  Under the circumstances of this case, the one-year limitation period contained in § 2244(d) expired on September 2, 2010.  Because Hall did not file his § 2254 petition until January 31, 2012, his petition is time-barred and this court may not address the merits.  The court further concludes that Hall has failed to show cause why his petition should not be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on

or before March 5, 2014.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of February, 2014.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

8